UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:06CR-57-R

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.

DONALD MUDD                                                                          DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Donald Mudd's Motion to Dismiss the Indictment against him for lack of a speedy trial (Docket #44). The government has responded (#46). This matter is now ripe for adjudication. For the reasons that follow, Mudd's Motion to Dismiss is DENIED.

**BACKGROUND**

Mudd made his initial appearance before Magistrate Judge Goebel on November 9, 2006. On December 20, 2006, this Court issued a Scheduling Order, setting Mudd's trial for April 4, 2007 (Docket #19).

On January 5, 2007, Mudd's counsel was injured in an accident. Mudd requested additional time to file pretrial motions (Docket #20). The Court granted Mudd's request (Docket #22). Additionally, the Court cancelled the trial date of April 4, vacating the original Scheduling Order (Docket #25). On March 13, 2007, Mudd requested an additional extension (Docket #27), which the Court granted in an Order extending all pretrial deadlines indefinitely. (Docket #28).

Telephone proceedings were held April 9, April 25, June 22, and July 27. (Docket #31, 32, 43, 45). A Superceding Indictment was issued June 6, 2007. This Motion to dismiss was filed on July 20, 2007 (Docket #44). A second, separate Motion to Dismiss was filed by Mudd

on August 10, 2007.

## DISCUSSION

### I. THE SPEEDY TRIAL ACT

Mudd argues the Court should dismiss the Indictment under the Speedy Trial Act. 18 U.S.C. § 3161.  "The Act requires dismissal of a criminal case, with or without prejudice, if the defendant is not tried seventy days after his indictment or the date he first appears in court, whichever date last occurs." *United States v. Jenkins*, 92 F.3d 430, 438 (6th Cir. 1996). However, § 3161(h) of the Speedy Trial Act excludes certain delays from the speedy trial calculation.

The forty days that passed between Mudd's initial appearance on November 9, 2006, and the Court's Order issued December 20, 2006, have no reason to be excluded.  Therefore, the time is counted in the Court's speedy trial calculation.

The Order issued December 20, 2006, specifically excluded from speedy trial calculations the time between the date of the Order and the originally scheduled trial date of April 4, 2007.  This time was properly excluded under § 3161(h)(8)(B)(iv) to give counsel reasonable time to prepare for trial.

On January 19, 2007, and March 16, 2007, the Court granted Motions for Extension of Time to File Pretrial Motions requested by Mudd.  Additionally, the Court ordered a telephone conference to be held April 25, 2007.  These time extensions were properly excluded from speedy trial calculation in the interests of justice, following the requirements of § 3161(h)(8)(B)(iv).

The next telephone proceeding was held June 22, 2007.  The delay between the April 25,

2

2007, and June 22, 2007, proceedings was required in the interests of justice. However, the Court did not explain, on the record, why the ends of justice required the delay.

The Court, to exclude from the speedy trial calculation a delay cause from granting a continuance in the interest of justice, must "set[] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(B)(iv). "[T]he Act is clear that the findings must be made, if only in the judge's mind, before granting the continuance." *Zedner v. United States*, 126 S. Ct. 1976, 1989 (2006). "[T]he Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2)." *Id.*

This extra time was required for a just resolution of Mudd's case. This case is complex enough that extra time was needed for counsel to adequately prepare for trial. In particular, the Court needed to ensure defense counsel adequate time make trial preparations, given counsel's accident in January. Mudd would likely be prejudiced if addition time was not granted, as there was not enough time to prepare, even with due diligence. Mudd's interests in a speedy trial is best served by taking the time to properly conduct this trial. A improperly rushed trial, requiring an appeal and retrial, would cause a much longer delay. Finally, the public's interest in a just resolution of this case requires properly prepared counsel. Therefore, the fifty-eight day period between the Court's Order of April 25, 2007, and the telephone proceedings of June 22, 2007, is excluded from the Court's speedy trial calculation.

The time between telephone proceedings of June 22, 2007, and telephone proceedings of July 27, 2007, have already been properly excluded, on the record, in the interests of justice.

On July 20, 2007, Mudd filed this Motion to dismiss (Docket #44). The government responded on August 3, 2007 (Docket #46). "Excludable time for pretrial motions includes all of the days during which the court is waiting to receive information necessary to decide a pending pre-trial motion." *United States v. Gardner*, 488 F.3d 700, 717 (6th Cir. 2007). "[A]fter the court receives all the information necessary to decide a motion, a maximum of thirty days can be excluded on the theory that the court has taken the matter 'under advisement.'" *Id.* (quoting 18 U.S.C. § 3161(h)(1)(J)). Therefore, the sixteen days that passed between the filing of this motion on July 20, 2007, and the government's response filed August 3, 2007, are excluded. The thirty days after the government's response was filed are also excluded, as this matter was under advisement.

Mudd's second Motion to Dismiss was filed on August 10, 2007 (Docket #47). The Government filed its response August 17, 2007 (Docket #51). At this time, the Court had all the information it needed to decide the issues raised in the motion. The next thirty days are excluded, as the second Motion to Dismiss was under advisement. Therefore, Mudd's speedy trial clock resumed running on September 16, 2007.

By the Court's calculation, forty days of unexcluded time passed between Mudd's first appearance on November 9, 2006, and September 16, 2007. Since this period of delay is less than the required seventy days of § 3162(c)(1), Mudd's rights under the Speedy Trial Act were not violated.

## II. SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL

Mudd has also asserted that his Sixth Amendment speedy trial right has been violated. The Six Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the

right to a speedy and public trial." U.S. Const. amend. VI.  In *Barker v. Wingo*, the Supreme Court established a balancing test for courts to use in deciding if a defendant's speedy trial right has been violated. 407 U.S. 514, 530 (1972). Courts were given four factors to consider: "Length of delay, the reason for delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* "None of these factors alone is enough to establish a violation and the court is to conduct a balancing analysis that considers each of these factors along with such other circumstances that may be relevant." *United States v. Gardner*, 488 F.3d 700, 719 (6th Cir. 2007).

"The length-of-delay factor serves as a threshold inquiry: if the length of the delay is not 'uncommonly long,' then the judicial examination ends, but a delay of one year is presumptively prejudicial and triggers application of the remaining three factors." *United States v. Bass*, 460 F.3d 830, 836 (6th Cir. 2006). The length of the delay "is measured from the earlier of the date of indictment or arrest." *Id.* Mudd was indicted November 8, 2006, and was arrested November 9, 2006.

As this case has not yet been tried, the length of delay between Mudd's indictment and his trial is somewhat speculative. Over 10 months have passed since Mudd was indicted. Given the complexity of this case, the Court does not find this delay to be unusually long. However, as the length of the delay is approaching the "presumptive prejudice" deadline of one year, and trial has not yet commenced, the Court will examine the remaining *Barker* factors.

The second factor is the reason for the delay. "Different weights should be assigned to different reasons." *Barker*, U.S. at 531. A deliberate attempt by the government is weighed heavily against the government, while a neutral or valid reason is weighed less heavily. *Id.* This

5

is also the factor in which courts examine if the defendant is responsible for any of the delay. *Bass*, 460 F.3d at 836-37. In this case, this factor does not weigh against the government, as the government was not responsible for the delay. Instead, much of the delay is attributed to either Mudd's motions for extension of time, or the time spent adjudicating Mudd's motions to dismiss.

The third factor is the defendant's assertion of his speedy trial rights. "The defendant's assertion of his speedy trial right . . . is entitled to strong evidentiary weight" in determining if the defendant was deprived of his speedy trial right. *Barker*, 407 U.S. at 531-32. Mudd has asserted his right to a speedy trial by filing this motion. However, Mudd has not previously asserted this right.

The fourth factor is prejudice to the defendant. "The Supreme Court has identified three defense interests that a court should consider in a speedy trial case when determining whether a defendant has suffered actual prejudice: (1) oppressive pretrial incarceration; (2) anxiety and concern of the accused; and (3) the possibility that the defense was impaired. *Bass*, 460 F.3d at 837 (citing *Barker*, 407 U.S. at 532). Of the three defense interests, the most important is the possibility that the defense was impaired. *Id.* For example, "[i]f witnesses die or disappear during a delay, the prejudice is obvious. *Barker*, 407 U.S. at 532.

This final factor weighs in favor of the government. Mudd is not currently incarcerated. Mudd does not state that any of his witnesses have died or disappeared. In fact, Mudd's Motion to Dismiss does not contain any allegations that he was prejudiced by any delay occurring after his arrest.

The four *Barker* factors, on the balance, show that Mudd's Sixth Amendment right to a speedy trial has not been violated. The length of the delay so far, while approaching a

"presumptively prejudicial" length of time, is not yet unusually long.  Some of the delay is attributable to Mudd.  In addition, the Court was concerned that defense counsel had not recovered from his car wreck.  The Court was informed that surgery might be necessary.  This defense counsel is a very competent attorney of considerable experience.  The Court was attempting to allow counsel time to recover from his injury and balance the demands of this complex case with the demands of his other cases.  Any delay was an attempt to accommodate this unusual situation and to provide counsel and Defendant time to prepare an adequate defense.  Finally, the lack of demonstrable prejudice weighs strongly in favor of finding that Mudd's Sixth Amendment right to a speedy trial has not been violated.

## CONCLUSION

For the above reasons, Mudd's Motion to Dismiss the Indictment for lack of a speedy trial is DENIED.

An appropriate order shall issue.