UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:06CR-57-R

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.

DONALD MUDD                                                                                 DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Donald Mudd's Motion to Dismiss (Docket #47, 49). Mudd requests that the Court use its inherent supervisory powers to dismiss the indictment against him. The government has responded (#51). This matter is now ripe for adjudication. For the reasons that follow, Mudd's Motion to Dismiss is DENIED.

**BACKGROUND**

In November of 2006, a federal grand jury returned an indictment charging Mudd, along with his co-defendant Martha Towe, of various crimes. Mudd, aware of the government's investigation, secured legal counsel before being indicted. Mudd states in his Motion to Dismiss that by March 15, 2006, he had informed government agents that he was represented by counsel. Mudd alleges that between March 15, 2006, and June 12, 2006, government investigators made five attempts to interrogated either Mudd or Towe without the presence of counsel.

Additionally, Mudd states that government agents improperly reviewed Towe's confidential attorney-client materials. On June 12, 2006, government agents executed a search warrant. Mudd alleges that a government agent discovered a folder containing confidential materials prepared for Towe by her attorney, and directed Towe to hold up each page of the file for inspection by the agent. Mudd believes that the financial information contained in the

attorney-client materials significantly guided the remainder of the investigation, which allowed the government to obtain much of the evidence on which the indictment was based. The documents have been submitted to the Court for in camera review. It does not appear that the information provided would have aided the government in obtaining information upon which the indictment or superseding indictment is based.

## DISCUSSION

"The power of a district court to dismiss a grand jury indictment under the supervisory powers doctrine is premised on the inherent ability of the federal courts to formulate procedural rules not specifically required by the Constitution or Congress to supervise the administration of justice." *United States v. Streebing*, 987 F.2d 368, 371 (6th Cir. 1993). "The purposes underlying use of the supervisory powers are threefold: to implement a remedy for violation of recognized rights, to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before the jury, and finally, as a remedy designed to deter illegal conduct." *United States v. Hastings*, 461 U.S. 499, 505 (1983).

"[T]he courts retain inherent supervisory authority over the law enforcement process which culminates in criminal proceedings brought before them." *United States v. Talbot*, 825 F.2d 991, 998 (6th Cir. 1987). However, "the defendant is entitled to the extreme sanction of dismissal of the indictment only where he can prove that he was demonstrably prejudiced by the violation," even if "a constitutional right has been violated, deliberately or otherwise." *Id.*

Mudd's has not alleged any violation of Mudd or Towe's constitutional rights. Instead, Mudd focuses on inappropriate contact with persons represented by counsel. This would appear to implicate Model Rule of Professional Conduct 4.2, which governs contact by attorneys with persons represented by counsel. However, Mudd has not stated that the investigators themselves

are covered by the rules of professional conduct.  Instead, Mudd implies that the investigators were acting as agents of a prohibited actor.

      However, even assuming that the misconduct of the investigating agents violated Rule 4.2, Mudd is not entitled to dismissal of the indictment.  The supervisory power can only be used if the Court "first find[s] that the defendant is actually prejudiced by the misconduct.  *United States v. Streebing*, 987 F.2d 368, 372 (6th Cir. 1993).  Mudd's Motion to Dismiss does not identify any statements that were solicited by the agents, nor does it identify any harm from the contact.   Mudd's arguments focus on the government's blatant disregard for the sanctity of the attorney-client relationship, instead of stating how he was prejudiced by the government's interrogation attempts.

      Mudd does allege prejudice concerning the agent's viewing of attorney-client materials.  Mudd believes that by viewing Towe's privileged materials, the government received insight into Mudd's financial information.  This financial information, it is believed, significantly guided the government investigation that led to Mudd's indictment.  However, this viewing of confidential material, even if true, does not allow Mudd's indictment to be dismissed.

      First, Mudd cannot assert Towe's attorney-client privilege when requesting the Court use its supervisory power.  The Supreme Court examined third party standing under the supervisory power in *United States v. Payner*.  447 U.S. 727 (1980).  "The supervisory power is applied with some caution even when the defendant asserts a violation of his own rights."  *Id.* at 735.  "[T]he supervisory power does not authorize a federal court to suppress otherwise admissible evidence on the ground that is was seized unlawfully from a third party not before the court."  *Id.*  "Federal courts may use their supervisory power in some circumstances to exclude evidence taken from

3

the *defendant* by 'willful disobedience of law.'  This Court has never held, however, that the supervisory power authorizes suppression of evidence obtained from third parties in violation of Constitution, statute, or rule." *Id.* at 735 n.7 (citations omitted).

When examining vicarious assertions of the exclusionary rule, the Supreme Court has stated that "codefendants have been accorded no special standing." *Alderman v. United States*, 394 U.S. 195, 171 (1969).  The same is true for the attorney-client privilege.  "In general, the attorney-client privilege is personal and cannot be asserted by anyone other than the client." *United States v. Hatcher*, 323 F.3d 666, 675 n.2 (8th Cir. 2003).  By following the rationale of *Payner*, the Court finds that Mudd cannot assert the attorney client privilege of another when seeking dismissal of the indictment under the Court's supervisory power.

The Supreme Court ruled on a federal court's use of its supervisory powers to exclude evidence, while Mudd is requesting dismissal of his indictment.  However, this distinction does not aid Mudd's argument.  "Although suppression of testimony is a less extreme sanction than the outright dismissal of the indictment contemplated in *Williams* and *Nova Scotia*, the reasoning undergirding those decisions is equally applicable" *United States v. Gillespie*, 974 F.2d 796, 801 (7th Cir. 1992).  *See also, United States v. Myers*, 123 F.3d 350, 358 (6th Cir. 1997).  The reverse is also true.  If the government misconduct is not enough to allow a federal court to use its supervisory powers to suppress evidence in a certain situation,  the Court cannot use the same misconduct to justify the more severe sanction of dismissing the indictment.

Additionally, even if Mudd did have standing to assert Towe's attorney-client privilege, dismissal of the indictment would still not be appropriate.  In *United States v. Streebing*, the defendant requested the district court use its supervisor powers to dismiss the indictment,

4

alleging that government agents reneged on a promise to him that he would not be indicted if he cooperated with the investigation. The government, while denying the allegation, stipulated that the incriminating statements taken during the interview would not be used at trial, and the Assistant United States Attorney made representations to the district court that none of the incriminating statements were presented to the grand jury. Based on this, the district court denied the defendant's motion. The Sixth Circuit affirmed, holding that the motion to dismiss was correctly denied, as the defendant was not prejudiced.

In this case, the government, while denying that any misconduct has occurred, represented to the Court that no ex parte requests for tax records were issued after the June 12, 2006, warrant. The government has also represented to the Court that no information gathered during the execution of the June 12, 2007, warrant was used in the issuance of any grand jury subpoenas. Even assuming that Mudd could prove a violation of attorney-client privilege actually occurred, the Court finds that Mudd was not prejudiced, as required for the Court to use is supervisory powers to dismiss the indictment.

Finally, even if the Court had the authority to dismiss the indictment, it would decline to do so. Five instances of contact by government agents, and a single viewing of allegedly confidentially materials, does not reach the amount of government misconduct necessary for the Court to employ what has routinely been characterized as the "extreme remedy" of dismissal of the indictment. *See, e.g., United States v. Talbot*, 825 F.2d 991, 998 (6th Cir. 1987).

## CONCLUSION

For the above reasons, Mudd's Motion to Dismiss the Indictment is DENIED.

An appropriate order shall issue.